J-S20012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID JAMAL ADAMS, | : | |
| | : | |
| Appellant | : | No. 883 WDA 2018 |

Appeal from the PCRA Order May 17, 2018
in the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0000290-2015,
CP-07-CR-0000315-2015, CP-07-CR-0000316-2015,
CP-07-CR-0001554-2009

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED JULY 05, 2019**

David Jamal Adams ("Adams") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Based on our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), we quash the appeal.

The Altoona Police Department filed Criminal Complaints against Adams for delivery of controlled substances[2] and related offenses that took place on August 1, 2013, and August 8, 2013.  The PCRA court summarized what next transpired as follows:

> The Altoona Police Department effectuated the arrest of [Adams] on or about January 17, 2015.  As a result of this arrest, the

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] ***See*** 35 P.S. § 780-113(a)(30).

[police] charged [Adams] with the crime of flight to avoid apprehension, trial or punishment[,] and [] public drunkenness.

… [A] criminal jury trial occurred on June 22 through June 24, 2015.  After the conclusion of the criminal jury trial, the jury returned guilty verdicts on all charges….

… [The trial court sentenced Adams on September 3, 2015.] [Adams's] total sentence resulted in a … minimum of sixty-eight (68) months to a maximum of one-hundred thirty-six (136) months in the State Correctional Institution….

On the same date as the sentencing proceeding in this matter, [the trial court] conducted a **Gagnon II**[3] [p]robation [r]evocation [h]earing.  This proceeding was docketed at 2009 CR 1554.  The [trial court] sentenced [Adams] to a period of incarceration of twenty-four (24) months for violating his probation on a [firearms charge].  [The trial court] ordered that sentence to run consecutive to the above sentence.

PCRA Court Opinion, 5/17/18, at 2-3 (footnote added).  On direct appeal, this Court affirmed Adams's judgment of sentence.  **Commonwealth v. Adams**, 154 A.3d 871 (Pa. Super. 2016) (unpublished memorandum).  Adams did not seek allowance of appeal to the Pennsylvania Supreme Court.

Adams timely filed the instant PCRA Petition on October 18, 2016, and subsequently filed a counseled Amended PCRA Petition.  After a hearing, the PCRA court dismissed Adams's Petition.  Thereafter, Adams filed a *single* Notice of Appeal, listing the multiple docket numbers for his judgments of sentence.  Adams also timely filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

---

[3] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

- 2 -

Adams presents the following claims for our review:

A. Whether [] Adams['s] appeal should be dismissed for failure to comply with [] **Walker** … and Pa.R.A[.P.] 341(a)?

B. Whether the PCRA court erred/abused its discretion by failing to find [] Adams's trial counsel ineffective for failing to call Christina Brumbaugh as an alibi witness, and to testify to the Altoona Police Department's deception in the use of a Facebook page to apprehend [] Adams?

C. Whether the PCRA court erred/abused its discretion by failing to find [] Adams's trial counsel ineffective for failing to call Callie Jeter as an alibi witness, and to testify that [] Adams drove a different car from what was used by the suspect in the crimes for which [] Adams was convicted?

D. Whether the [PCRA] court improperly admitted an alleged statement made by potential defense witness [] Brumbaugh?

Brief for Appellant at 4 (emphasis omitted, issues renumbered).

Adams first claims that his appeal should not be dismissed for failure to comply with **Walker** and Pa.R.A.P. 341(a). Brief for Appellant at 22. Adams asserts that because he filed his original Notice of Appeal *pro se*, his failure to comply with **Walker** and Rule 341(a) should be excused. **Id.** at 23.

Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Pa.R.A.P. 341. **In the Interest of: P.S.**, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted). While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical,

no objection to the appeal has been raised, and the period for appeal has expired." **K.H. v. J.R.**, 826 A.2d 863, 870 (Pa. 2003) (citation omitted).

However, on June 1, 2018, our Supreme Court, in **Walker**, held that this practice violates Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets **must** result in quashal of the appeal. **See Walker**, 185 A.3d at 977. In particular, our Supreme Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal…. The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77. The **Walker** Court further announced that its holding would apply prospectively only. **Id.** at 977. Only appeals filed after June 1, 2018, the date **Walker** was filed, would require the filing of separate notices of appeal. **Id.**

Instantly, on June 13, 2018, Adams, *pro se*, filed a single Notice of Appeal from the Order that denied PCRA relief at four separate docket numbers. On August 15, 2018, this Court issued a Rule to Show Cause why the appeal should not be quashed, noting that the Notice of Appeal contained multiple docket numbers. On August 28, 2018, appointed counsel for Adams filed a Response. The Response acknowledged that Adams was appealing one PCRA court Order, which addressed each of the docket numbers. Counsel also indicated that he was seeking permission to amend and file separate Notices

of Appeal in the PCRA court.[4]  Upon subsequent inquiry by our Superior Court

Prothonotary, we have ascertained that no such permission was requested of,

or granted by, the PCRA court, and no amended Notices of Appeal have been

filed and forwarded to this Court.

As there is nothing of record indicating Adams's compliance with

*Walker*, we are constrained to quash the instant appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/5/2019

---

[4] This Court dismissed the Rule, directing the issue to the attention of the merits panel.